# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRY WALDRON, RAY SUNDINE, JR., MARTIN J. MACK, WILLIAM VETTER, and RONALD CHIADO, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 07 C 286 ) |
| WILLIAM E. DUGAN, | ) Judge Rebecca R. Pallmeyer ) |
| Defendant/Third-Party Plaintiff, | ) ) ) ) |
| v. | ) ) |
| JOSEPH WARD, | ) ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action began when Plaintiffs, five members of Local Number 150 of the International Union of Operation Engineers ("the Union"), sued the Union's former president, Defendant William E. Dugan, alleging that Dugan had breached his fiduciary duties to the Union by pressuring its members to make contributions to a "slush fund" for Dugan's personal benefit. After months of hard-fought litigation, Plaintiffs reached an agreement with Dugan and have now moved to dismiss the case. In the meantime, however, Dugan had named Joseph Ward, the Union's former treasurer, as a Third-Party Defendant. Dugan has asserted that it was Ward who instigated the lawsuit in the first place and that if Dugan himself was guilty of any wrongdoing, Ward, too, was involved. Now that Dugan and Plaintiffs have reached an accord, Ward smells a rat. He opposes Dugan's motion to dismiss and moves the court to alter the settlement agreement or, in the alternative, reject it. In a separate motion, Ward seeks to compel disclosure of the settlement agreement. For the reasons that follow, Ward's motions are denied. The Plaintiffs' action is dismissed with prejudice, and Dugan's third-party action is dismissed without prejudice to a motion for attorney's fees by Ward.

**PROCEDURAL BACKGROUND**

A more complete discussion of Plaintiffs' allegations is found in the court's order of December 14, 2007. In short, Plaintiffs accused Dugan of stealing from the Union in various ways in violation of his fiduciary duties. Dugan named Ward as a third-party, alleging that should Dugan be found liable to the Plaintiffs, Ward would in turn be liable to Dugan. Dugan moved to dismiss the case, but the court denied the motion. After initial unsuccessful settlement efforts, the parties engaged in discovery. Ultimately, Plaintiffs and Dugan apparently held more fruitful settlement talks and reached an agreement. They asked Ward to stipulate to the dismissal of the case; despite the fact that the parties sought no contribution from Ward, he refused to enter into the stipulation. Plaintiffs and Dugan nevertheless filed their own stipulation to dismiss.

After that stipulation was filed, Dugan moved to voluntarily dismiss his third-party action against Ward. Ward opposes that motion. In addition, Ward filed a Motion for Allotment of Settlement Proceeds in which he asks the court, first, to determine the source of the money involved in the settlement agreement—he suspects it will be paid for by an insurance policy and not cost Dugan anything. Ward also asks the court to alter the settlement agreement so that the union and its members recover a greater benefit. In the alternative, Ward asks the court to reject the agreement because, he asserts, it does not serve the purposes of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501, under which one of Plaintiffs' claims was brought. Ward also filed a motion to compel disclosure of the settlement agreement. In response, Plaintiffs and Dugan provided Ward's attorney with a copy of the settlement agreement, albeit for review by counsel alone.

**DISCUSSION**

Under Federal Rule of Civil Procedure 41(a)(1)(B), a plaintiff may dismiss an action without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." Ward contends Plaintiffs here are not free to dismiss the case on their own because, as he points out,

he is a party who has appeared and he did not sign the stipulation of dismissal. Plaintiffs and Dugan respond that, for purposes of the phrase "all parties who have appeared" in Rule 41(a)(1)(B), courts have treated the parties in the primary action as distinct from those in the third-party action. *E.g.*, *Century Mfg. Co. v. Central Transport Int'l, Inc.*, 209 F.R.D. 647, 647 (D. Mass. 2002). The court need not consider the question, though, because Plaintiffs and Dugan filed a joint motion under Federal Rule of Civil Procedure 41(a)(2), asking the court, in the alternative, to issue an order dismissing the Plaintiffs' claims with prejudice.

The decision whether to grant voluntary dismissal under Rule 41(a)(2) is committed to the court's discretion. *Kunz v. DeFelice*, 538 F.3d 667, 677-78 (7th Cir. 2008). Voluntary dismissal should be denied only where the defendant will suffer "plain legal prejudice" from the denial. *Id.* Dugan does not object to the voluntary dismissal and Ward does not argue that Dugan will suffer any prejudice from it. Instead, Ward appears to believe that Dugan will not suffer *enough* prejudice if the case is dismissed voluntarily. Ward also argues that the settlement agreement is unfair to union members not involved in the litigation.[1] The court, too, was initially concerned that a collusive agreement between Dugan and Plaintiffs might somehow benefit a handful of union members at the expense of others; that concern is no reason to reject this agreement, however. Other union members are not parties to this litigation, are not bound by the agreement, and remain free to bring their own challenges to any practices they deem improper. *Cf.* FED. R. CIV. P. 23(e) (outlining procedures for approval of settlement of claim in class action). Moreover, significantly, Plaintiffs and Dugan have agreed to submit a notice of the settlement for publication in the Union's official newsletter. Finally, the court lacks power to alter the agreement or inquire into its details as Ward requests. The Labor Management Reporting and Disclosure Act, one of the statutes under which

---

[1] Perhaps Ward is also unhappy that the Union is suing him in a separate action. *Int'l Union of Operating Engineers, Local 150 v. Ward*, 563 F.3d 276 (7th Cir. 2009), *cert pending.* No. 09-196 (filed Aug. 14, 2009).

Plaintiffs sued, authorizes the court to "allot a reasonable part of the recovery" to attorney's fees. 29 U.S.C. § 501(b); no section of this Act grants the court power to rewrite or scrutinize terms of a settlement agreement. Because no party argues that Dugan will be prejudiced by dismissal and because the court lacks power to change the agreement, the court concludes that Plaintiffs' motion to dismiss its case against Dugan must be granted.

Dugan's motion to dismiss his action against Ward is also brought under Rule 41(a)(2). Ward argues that dismissal would prejudice him because it would deprive him of the opportunity to seek recovery of his attorney's fees. In support, Ward cites *Chrysler Motors Corp. v. International Union, Allied Indus. Workers of America*, 959 F.2d 685, 689 (7th Cir. 1992), in which the Seventh Circuit recognized that in a case brought under a certain section of the Labor Management Relations Act, 29 U.S.C. § 185, attorney's fees could be awarded if the case was frivolous, that is, "brought in bad faith to harass rather than to win." But Ward has not yet filed a motion for fees, nor has he presented any basis on which the court could conclude that Dugan's third-party complaint was frivolous. Accordingly, Dugan's third-party action against Ward is dismissed without prejudice to a motion for fees.

## **CONCLUSION**

Plaintiffs' and Defendant's Alternative Rule 41(a)(2) Joint Motion to Dismiss Plaintiffs' Claims Against Defendant [190] is granted. Dugan's Motion to Dismiss Third Party Complaint, With Prejudice [181] is granted. Third-Party Defendant Ward's (Corrected) Motion to Compel Plaintiffs and Defendants to Disclose to the Third Party Defendant the Terms of the Settlement Agreement That is the Basis for the Motion to Dismiss This Case [183] is denied as moot. Ward's Motion for Allotment of Settlement Proceeds [193] is denied. Finally, the Union's Motion to Appear and Participate as *Amicus Curiae* [205] is denied as moot. Plaintiffs' action is dismissed with prejudice, and Dugan's third-party action is dismissed without prejudice to a motion for attorney's fees, should Ward choose to file one.

ENTER:

Dated: September 4, 2009

_____
REBECCA R. PALLMEYER
United States District Judge